UNITED STATES of America

v.

Wilson MITCHELL and Ricky Zollicoffer, Petitioners.

Criminal Nos. 89–442–01, 89–442–02.
Criminal Action Nos. 96–0630
(JLG), 96–0878 (JLG).

United States District Court,
District of Columbia.

Nov. 5, 1996.

John M. Facciola, Assistant United States Attorney, Judiciary Center, Washington, DC, for U.S.

Santha Sonenberg, Assistant Federal Public Defender, Washington, DC, for Petitioners.

## ORDER

JUNE L. GREEN, District Judge.

Before the Court are two motions, each involving collateral challenges by the Defendants concerning their gun possession convictions pursuant to 18 U.S.C. § 924(c)(1). Each Defendant has filed a motion pursuant to 28 U.S.C. § 2255 to vacate the section 924(c) count in light of the Supreme Court's decision in *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995).

By Order dated July 17, 1996, the Court denied Defendant Mitchell's section 2255 motion, concluding that he was not actually prejudiced by the jury instruction at issue because the jury had to have found that he had been carrying the weapon regardless of whether it also found that he had been using it. (*See* Memorandum, July 17, 1996). The Court reaffirmed this ruling by Order dated July 25, 1996, by denying Defendant Mitchell's motion for reconsideration. (Order, July 25, 1996). Thereafter, the government filed its own motion for reconsideration asking the Court to vacate the section 924(c) conviction in favor of a two-point ("gun bump") guideline enhancement on the remaining drug count. At the oral argument, the government's motion was joined by the Defendant, but only insofar as it sought to vacate the section 924(c) count. The Defendant specifically challenged the two point enhancement sought by the government.[1]

Notwithstanding its earlier Orders, the Court grants the joint motion to reconsider and vacates the section 924(c) convictions for each Defendant.

With regard to the "gun bump" enhancement for the drug conviction, the Defendants

1. At the hearing, the parties agreed that Defendant Zollicoffer's motion should be handled in the same manner and Defendant's counsel asked the Court to adopt the arguments made in Defendant Mitchell's motion concerning the "gun bump" as also applying to Defendant Zollicoffer.

argue that the Court lacks jurisdiction to revisit this conviction because it is not before the Court on remand from a direct appeal but rather pursuant to section 2255. The Defendants also state that they are entitled to an expectation of finality on the initial sentence for the drug count. The Court agrees and will not disturb a sentence that has not been challenged (the drug count).

Accordingly, upon review of the motions, the responses and replies thereto, the oral argument and the entire record herein, it is by the Court this 4th day of November 1996,

**ORDERED** that Defendant Zollicoffer's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is **GRANTED** and his conviction under 18 U.S.C. § 924(c) is **VACATED;** it is further

**ORDERED** that the Government's Motion for Reconsideration of this Court's Orders of July 17 and 25, 1996 (joined in part by Defendant Mitchell) is **GRANTED** insofar as the Court vacates Defendant Mitchell's conviction under 18 U.S.C. § 924(c), but **DENIED** insofar as the government seeks a two-point enhancement on the unchallenged drug conviction; it is further

**ORDERED** that the Clerk shall issue a new Judgment and Commitment Order for each Defendant consistent with this Order.