Provencher v. CVS Pharmacy          CV-95-480-JD  05/01/97

UNITED STATES DISTRICT COURT FOR THE
                       DISTRICT OF NEW HAMPSHIRE

Richard Provencher

        v.                              Civil No. 95-480-JD

CVS Pharmacy, et al.


                            O R D E R


     Before the court are the following post-trial motions:

defendant CVS's motion to vacate the punitive damage award

(document no. 53); defendants' motion for attorney's fees

(document no. 54); plaintiff's motion for a new trial as to

damages on his retaliation claim (document no. 57); plaintiff's

motion to amend the judgment and for a new trial on his hostile

work environment claim (document no. 58); plaintiff's motion for

attorney's fees, expert fees, and costs (document no. 59);

plaintiff's motion to approve a bill of costs (document no. 56);

and plaintiff's motion to submit supplemental evidence concerning

counsel's hourly rates (document no. 71).  The court considers

these motions seriatim.


1.  Motion to Vacate Punitive Damage Award

     CVS contends that the jury's punitive damage award of $8000

should be set aside because the jury did not award any

compensatory damages to the plaintiff on his retaliation claim.

As a general matter, punitive damages are not available to a

plaintiff who receives neither compensatory nor nominal damages. See Kerr-Selgas v. American Airlines, Inc., 69 F.3d 1205, 1214 (1st Cir. 1995). However, CVS has offered no authority to support its assertion that punitive damages are not available merely because the court, and not the jury, is responsible for determining whether a back pay award -- "the most obvious economic damages in a wrongful discharge case," Hennessy v. Penril Datacomm Networks, Inc., 69 F.3d 1344, 1352 (7th Cir. 1995) -- or a front pay award is warranted. Since the court awarded the plaintiff $9624 in back pay, plus interest, as well as $141,221 in front pay, CVS's motion to vacate the punitive damages award is denied. See id.

2. Defendants' Motion for Attorney's Fees

Asserting that they are prevailing parties in this litigation because the plaintiff succeeded on only one count and received only $8000 in punitive damages from the jury, the defendants contend that they are entitled to attorney's fees. Their argument is unavailing. Although 42 U.S.C. § 2000e-5(k) permits a court, at its discretion, to award attorney's fees in a Title VII action, a defendant is entitled to attorney's fees only if it is the prevailing party and "'the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Donnely v. Rhode Island Bd. of

Governors for Higher Educ., 946 F. Supp. 147, 150 (D.R.I. 1996) (quoting Christianberg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978)), aff'd, -- F.3d --, No. 96-1854, 1997 WL 151014 (1st Cir. Apr. 7, 1997).

In the instant case, the plaintiff prevailed on his retaliation claim, and received not only $8000 in punitive damages, but in excess of $150,000 in front pay and back pay. In light of these awards, it is difficult to understand the defendants' contention that the jury's verdict "did not materially alter the legal relationship of the parties." Motion for Attorney's Fees at 5; see also Defendants' Objection to Plaintiff's Motion for Attorney's Fees at 12 (suggesting that the jury's $8000 punitive damage award, by itself, comprised the "outcome" of the case). As the court's conclusion in part 1, supra, indicates, the results of this litigation can only be measured by considering both the jury's verdict and the court's awards of front and back pay. Moreover, the fact that Deborah Banaian did not succeed on her defamation claim, which essentially mirrored the plaintiff's hostile work environment claim, demonstrates that the plaintiff's allegations were not frivolous, unreasonable, or without foundation. The court declines to award attorney's fees to the defendants.

3.   Plaintiff's Motion for New Trial as to Damages on Retaliation Claim

The plaintiff seeks a new trial as to damages on his Title VII retaliation claim on the ground that the jury acted against the clear weight of the evidence when it declined to award the plaintiff any damages for his emotional pain and suffering, mental anguish, inconvenience, and loss of enjoyment of life, or for the expenses of counseling sessions with Drs. Patricia Barr and Joyce Whiting, and awarded the plaintiff only $8000 in punitive damages.  "A district court may set aside a jury's verdict and order a new trial only if the verdict is so clearly against the weight of the evidence as to amount to a manifest miscarriage of justice."  Cigna Fire Underwriters Co. v. MacDonald & Johnson, 86 F.3d 1260, 1263 (1st Cir. 1996) (quoting Federico v. Order of Saint Benedict in Rhode Island, 64 F.3d 1, 5 (1st Cir. 1995)).  Applying this standard to the evidence adduced at trial, the plaintiff's motion is denied.

4.   Plaintiff's Motion to Amend Judgment and Order a New Trial on Hostile Work Environment Claim

The plaintiff next asks the court to revisit its conclusion, rendered at the close of the plaintiff's case, that the plaintiff's Title VII hostile work environment claims are untimely.  However, a motion to amend a judgment under Fed. R. Civ. P. 59(e) is not a proper vehicle for a "losing party to

4

repeat old arguments previously considered and rejected."
National Metal Finishing, Inc. v. BarclaysAmerican/Commercial,
Inc., 899 F.2d 119, 128 (1st Cir. 1990). The plaintiff's motion
to amend the judgment is denied.


5. Plaintiff's Motion for Attorney's Fees, Expenses, and Costs

As noted supra, the court considers the plaintiff to be a
prevailing party within the meaning of 42 U.S.C. § 2000e-5(k)
and, in the exercise of its discretion, will award attorneys fees
in his favor. The court applies the lodestar method to compute
the amount of fees to which the plaintiff is entitled, con-
sidering the hourly rate for the services charged, the hours
reasonably expended, and any applicable adjustments. See
Phetosomphone v. Allison Reed Group, 984 F.2d 4, 6-9 (1st Cir.
1993); Lipsett v. Blanco, 975 F.2d 934, 937 (1st Cir. 1992).


A. Reasonable Hourly Rate

After reviewing the materials and arguments submitted by the
parties, the court finds that $200 per hour represents a
reasonable rate for the legal services of Mr. Volinsky, who was
called upon in this case to exercise the full range of his skills
as a trial attorney, including five full days of examining
witnesses during trial. In addition, the court finds that $125
per hour represents a reasonable rate for the legal services of

5

Ms. Foley; $100 per hour represents a reasonable rate for the legal services of Mr. Lavalee; $75 represents a reasonable rate for the services of Mr. Johnson; and $58 per hour represents a reasonable rate for the services of counsel's paralegals.[1]

B.  Hours Productively Expended

The court has carefully reviewed the billing records submitted by plaintiff's counsel, and finds some merit to the defendants' contention that plaintiff's fee request includes a substantial number of hours claimed for work that was "duplicative, unproductive, excessive, or otherwise necessary." Grendel's Den, Inc. v. Larkin, 749 F.2d 945, 950 (1st Cir. 1984). By way of example, the court notes that although Ms. Foley spent, inter alia, part of 16.2 hours[2] on January 20-23, 1997 and a part of 9.5 hours on January 28, 1997, drafting or reviewing the

_____

[1]The court notes that counsel's paralegals billed at a rate of $48.35 for the 10.3 hours of work performed on or prior to December 20, 1995, and $60 per hour thereafter.  In addition, Mr. Stein's work on this case was limited to a 1.5-hour "trial conference" on February 19, 1997, at which Mr. Volinsky and the plaintiff were present.  In view of the limited duration of his participation in this case and the fact that Mr. Volinsky and Ms. Foley both billed for a full day of trial attendance on that date, the court declines to award any reimbursement for Mr. Stein's time.  For similar reasons, the court also declines to award reimbursement for the 0.4 hours billed by Mr. Hawkins.

[2]The court's review of the plaintiff's counsel's billing records has been hindered by counsel's practice of including several tasks within each entry.

6

plaintiff's pretrial statement or attending a conference with Mr. Volinsky concerning a draft of the statement, Mr. Volinsky billed, <u>inter alia</u>, 1.6 hours for the January 22, 1997, conference with Ms. Foley, and part of 5.5 hours on January 27, 1997, and 7.3 hours on January 31, 1997, for reviewing, editing, and drafting the same document. In addition, Ms. Foley has billed for part of 9.0 hours for time spent drafting a motion for a new trial on damages, as well as for conferences which she attended with Mr. Volinsky on December 4, 1996; January 28, 1997; January 29, 1997; February 10, 1997; and, apparently, February 12, 1997, for which Mr. Volinsky also has billed. Finally, a substantial portion of the work billed by counsel's paralegals is either secretarial or clerical in nature or consists of time spent in conferences for which attorneys also billed, and therefore is not compensable.

Accordingly, the court reduces the number of hours billed by Mr. Volinsky to 250; reduces the number of hours billed by Ms. Foley to 200; reduces the number of hours billed by Mr. Stein and Mr. Hawkins to 0; and reduces the number of hours worked by paralegals to 75. The court finds that Mr. Johnson has reasonably expended 12.5 hours, and that Mr. Lavalee has reasonably expended 23 hours.

C.  The Lodestar and Applicable Adjustments

After multiplying the hours reasonably expended on legal services by the applicable reasonably hourly rate, the court has calculated that the lodestar equals $82,587.50.  The court now considers whether this amount should be adjusted because the of the plaintiff did not succeed on all his claims.

In Hensley v. Eckerhart, 461 U.S. 424 (1983), the Supreme Court noted that "[i]n some cases a plaintiff may present in one lawsuit distinctly different claims for relief that are based on different facts and different theories."  Id. at 434.  In such a case, "work performed on an unsuccessful claim cannot be deemed to have been expended in pursuit of the ultimate result achieved [and for which attorney's fees are compensable]."  Id. at 435.  However, in other cases,

> the plaintiff's claims for relief will involve a common
> core of facts or will be based on related legal
> theories.  Much of counsel's time will be devoted
> generally to the litigation as a whole, making it
> difficult to divide the hours expended on a claim-by-
> claim basis.  Such a lawsuit cannot be viewed as a
> series of discrete claims.  Instead the district court
> should focus on the significance of the overall relief
> to the hours reasonably expended on the litigation.

Id.  In such a circumstance, and where "a plaintiff has achieved only partial or limited success" and "the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate" yields an unreasonable amount, id. at 436, the "district court may attempt to identify specific hours

8

that should be eliminated, or it may simply reduce the award to account for the limited success." id. at 436-37.

In the opinion of the court, the plaintiff claims involve a common nucleus of fact and cannot be viewed as a series of independent bases for relief. As the plaintiff notes, the events forming the basis of his sexual harassment claim, as well as several of his state law theories, not only provided background for his Title VII retaliation claim, but were relevant to one of the elements of his claim, i.e., the reasonableness of his belief that the work environment at CVS was sexually discriminatory.

The court thus turns to the question of whether the approximately 560 hours of professional and paraprofessional legal services expended by plaintiff's counsel and allowed by the court is reasonable in light of the results achieved. In the opinion of the court, the result achieved is substantial not only for its size -- nearly $160,000 -- but also in its effect of vindicating the plaintiff with respect to the allegations of dishonesty that CVS leveled against him. In addition, the plaintiff prevailed on defendant Banaian's counterclaims. The court also notes that a substantial number of hours billed by plaintiff's counsel are attributable to the defendants' own failure to file dispositive motions on, inter alia, the plaintiff's hostile work environment, breach of contract, and intentional infliction of emotional distress claims, as well as

9

its maintenance of counterclaims against the plaintiff on behalf of defendant Banaian. Taking into account these considerations, the court finds that the lodestar represents a reasonable amount in light of the hours expended and the results achieved.

### D. Expert Fees

The plaintiff seeks recovery of attorney's fees pursuant to 42 U.S.C. § 2000e-5(k) for the services of Professor Arthur Kenison, who formulated a report and testified about the effect of the plaintiff's termination on his future earnings, and Dr. Patricia Barr, who testified about the counseling sessions she conducted with the plaintiff. The court finds that the plaintiff is entitled to recover $2100 for the services of Professor Kenison. However, Dr. Barr was not qualified as an expert during trial, and testified as a fact witness concerning her treatment of the plaintiff. Accordingly, the plaintiff's motion is denied to the extent it seeks recovery for the cost of Dr. Barr's services.

### E. Litigation Costs Related to Retaliation Claim

The plaintiff's request for litigation costs related to his retaliation claim is approved in the amount of $2,695.51.

6.  <u>Motion for Bill of Costs</u>

The plaintiff has submitted, and the court approves, the plaintiff's bill of costs pursuant to 28 U.S.C. § 1920. However, despite the relevance of the events surrounding the plaintiff's hostile work environment claim to his allegations of retaliation, in the opinion of the court the plaintiff named and deposed an excessive number of individual defendants. Accordingly, the court denies the plaintiff's request for reimbursement for the depositions of Paul Cerasoulo, Robert Cline, and Carl Rohrberg, <u>see</u> 28 U.S.C.A. § 1920(2) (Supp. 1994), and awards costs to the plaintiff in the amount of $2762.65.

<u>Conclusion</u>

Defendant CVS's motion to vacate the punitive damage award (document no. 53) is denied.

The defendants' motion for attorney's fees (document no. 54) is denied.

The plaintiff's motion for a new trial as to damages on his retaliation claim (document no. 57) is denied.

The plaintiff's motion to amend the judgment and for a new trial on his hostile work environment claim (document no. 58) is denied.

11

The plaintiff's motion for attorney's fees, expert fees, and costs pursuant to 42 U.S.C. 2000e-5(k) (document no. 59) is granted in the amount of $87,383.01.

The plaintiff's motion to approve a bill of costs pursuant to 28 U.S.C. § 1920 (document no. 56) is granted in the amount of $2762.65.

The plaintiff's motion to submit supplemental evidence concerning counsel's hourly rates (document no. 71) is denied as moot.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
Chief Judge

May 1, 1997

cc:  Andru H. Volinsky, Esquire
     Mark G. Furey, Esquire
     Cynthia A. Dill, Esquire
     Beth V. George, Esquire

12